Harper, J.
The only ground which we think it necessary to consider, is the one taken for a new trial, and which must put an end to the present indictment. The reasoning of *612 tllc Priding judge seems to be, that as the witness did not affirm, according to the form of a particular religious persua-s'on> ^L1t was sworn according to the Christian faith, it must be intended that he was sworn on the Gospels. But this seems j,e contrary j0 authority and correct pleading. “ A Scotch covenanter may be sworn according to the form of his sect, by holding up his hand, without kissing the book.” 1 Stark. Ev. 82. Among other authorities is Mildrone’s case, Leach, 348, in which the doctrine is recognized and the form of the oath administered set forth. See also Mee v. Reid, Peak. N. P. Ca. 23, and similar forms, 4 Chit. Cr. L. 329. In Atchinson v. Everett, Cowp. 390, Lord Mansfield speaks of the case of Dr. Owen, Vice Chancellor of Oxford, who refused to kiss the book, but desired it might be opened before him, and he lifted up his right hand. He adds, “ there is a sect in Scotland who hold it to be idolatry to this day, to kiss the book ; but their own form of swearing is much more solemn.” Then the case of Rex v. M’Arthur, Peak. N. P. Ca. 155, seems to be in point; in that case the witness was first sworn on the New Testament; but it being discovered that he was a member of the Kirk of Scotland, he was then sworn with uplifted hand. The indictment charged that he was sworn on the Holy Gospels; Lord Kenyon said the indictment would have been sufficient if it had only charged the defendant to have been in due manner sworn. If he had only been sworn according to the form of Scotland, the objection would have been fatal; but having been also sworn on the New Testament, this supported the indictment. See Stark. Cr. Pl. 128, and 3 Stark. Ev. 1140.
The motion is granted.
Johnson and O’Neall, Js. concurred.